Frank Marek v. The State.

No. 3617.  Decided March 7, 1906.

**Manslaughter—Charge of Court—Terms of Law—Gender.**

Upon an appeal from a conviction for manslaughter, the criticism made to the charge of the court in the use of the personal pronoun "he" in applying the law to the facts was without merit, the statute providing that terms denoting the male gender include also the female; besides in the first part of the charge the words "he" or "she" were used. Nor did the use of the term "otherwise" serve to mislead the jury.

Appeal from the District Court of Gonzales. Tried below before Hon. M. Kennon.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. K. Walton,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted of manslaughter, and his punishment fixed at two years confinement in the penitentiary.

The only question presented for our consideration is the criticism of the court's charge on impeaching testimony, which charge is as follows: "A witness may be impeached by showing he or she has made other and different statements out of court from those made before you on the trial. Amongst the purposes for which such impeaching evidence may be considered by you is to aid you in determining (if it does so) the weight (if any) to be given the testimony of such witness, and his credibility or otherwise: but such impeaching evidence is not to be considered as tending to establish the alleged guilt of the defendant." The criticism made to this charge is, that it uses the word "he" in applying the law to the facts. In the first part of the charge, however, we find that the jury were told that "he or she" could be impeached, etc. Our statute defining terms, says, that terms denoting the male gender includes also the female. We do not believe that the jury under this charge were liable to have misapplied it, and would have applied it only to those witnesses who were shown to have made different statements out of court to those testified to on the trial. Appellant, who testified on his own behalf, was not impeached by such testimony; and the jury were afforded no reason to apply the charge to him.

Nor did the use of the term "otherwise" serve to mislead the jury. As we understand this it simply served the purpose of informing the jury that they could use the impeaching testimony in passing on the credit and weight to be given to the testimony of the witness.

We have examined the record carefully, and in our opinion there are no reversible errors, and the judgment is affirmed.

*Affirmed.*